PER CURIAM.
The trial court dismissed the complaint in this paternity action with prejudice because “alternative pleading alleging that one of two or one of a group of potential fathers is the actual father is not proper or appropriate in a paternity action” and because the allegations “concede that said plaintiff is unable to determine the father of the child in question.” It was error to dismiss the complaint on this ground. Holliman v. Green, 439 So.2d 955 (Fla. 1st DCA 1983).
We find the complaint deficient in other respects, however. For example, it wholly fails to allege any ultimate facts identifying the circumstances of the occurrences alleged, such as the place where the alleged sexual relations occurred, the dates or time periods during which the alleged relations occurred, or whether plaintiff had sexual relations with other men during the alleged time period. Omission of these allegations renders the complaint insufficient, warranting affirmance of the trial court’s order of dismissal. These deficiencies may be cured by amendment, however; and even though plaintiff refused to amend the complaint further, obviously for the reason that she could not cure the deficiency found in the trial court’s order, we reverse the dismissal with prejudice and remand with directions to afford the plaintiffs leave to amend.
REVERSED and REMANDED.
ROBERT P. SMITH, Jr., WENTWORTH and ZEHMER, JJ., concur.